IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 09-cv-02557-BNB

CYNTHIA RENEE PINKEY,

    Plaintiff,

v.

ARI ZAVARAS, Director,
SGT. MASTERS,
ASS. WARDEN SCOTT HALL,
MAJOR CHAVEZ,
WARDEN TRAVIS TRANI,
LT. COOK,
LT. SCHELBLE,
LT. PAGENT, and
SGT. SMALL,

    Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

MAR 04 2010

GREGORY C. LANGHAM
CLERK

## ORDER

This matter is before the Court on two motions for preliminary injunction, one of which also includes a request for appointment of counsel, filed by Plaintiff, Cynthia Renee Pinkey. On December 2, 2009, Ms. Pinkey filed a document titled "Preliminary Temporary Injunction" seeking unspecified injunctive relief because she fears that retaliation against her will become life-threatening. On February 19, 2010, Ms. Pinkey filed an "Amended Petition for Injunction and Lawyer" that reiterates the allegations she made in her second amended complaint and concludes with the following request: "The petitioner needs an investigator to investigate the records and that can only be obtained through appointed counsel, and an injunction is defin[i]tely needed."

The Court must construe the motions liberally because Ms. Pinkey is not

represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not be an advocate for a *pro se* litigant. *See Hall*, 935 F.2d at 1110. For the reasons stated below, the motions will be denied.

A party seeking a preliminary injunction must show a substantial likelihood of prevailing on the merits; that she will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. *See Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980). A preliminary injunction is an extraordinary remedy and "the primary goal of a preliminary injunction is to preserve the pre-trial status quo." *RoDa Drilling Co. v. Siegal*, 552 F.3d 1203, 1208 (10th Cir. 2009).

Ms. Pinkey fails to address any of the factors necessary to grant a preliminary injunction, and she fails to specify the injunctive relief she is seeking. As a result, the Court finds that Ms. Pinkey fails to demonstrate that she likely will prevail on the merits; that she will suffer irreparable injury unless the injunction issues; that the threatened injury outweighs whatever damage the proposed injunction may cause the opposing party; and that the injunction, if issued, would not be adverse to the public interest. Therefore, the motions for a preliminary injunction will be denied. The request for appointment of counsel also will be denied as premature. Accordingly, it is

ORDERED that the motions for a preliminary injunction filed on December 2, 2009, and February 19, 2010, are denied. It is

FURTHER ORDERED that the request for appointment of counsel contained in the "Amended Petition for Injunction and Lawyer" filed on February 19, 2010, is denied as premature.

DATED at Denver, Colorado, this 3rd day of March, 2010.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge, for
ZITA LEESON WEINSHIENK, Senior Judge
United States District Court

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**CERTIFICATE OF MAILING**

Civil Action No. 09-cv-02557-BNB

Cynthia R. Pinkey
Prisoner No. 89688
Denver Women's Corr. Facility
PO Box 392005
Denver, CO 80239

   I hereby certify that I have mailed a copy of the **ORDER** to the above-named individuals on 3/4/10

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk